# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00376-CV

---

**Felicia Young, Appellant**

v.

**Texas Department of Protective and Regulatory Services, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. FM005752, HONORABLE CHARLES F. CAMPBELL, JUDGE PRESIDING

---

Following a jury trial, appellant Felicia Young appeals from the trial court's decree terminating her parent-child relationship with her three children. Young raises a single issue on appeal complaining that the trial court submitted an improper jury charge. We will affirm the decree of termination.

## BACKGROUND

The Texas Department of Protective and Regulatory Services filed a petition to terminate the parental rights of Young and the two fathers of her three children. After a four-day trial, the court submitted a jury charge with instructions, definitions, and questions for the jury. Specifically at issue in this appeal is Instruction No. 6:

> You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict

for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

Young objected to this instruction; however, the court overruled the objection and permitted the instruction to go to the jury. Following this instruction were six separate questions regarding the termination of each parent's rights to their respective children. The jury unanimously answered "Yes" to all six questions, and the trial court terminated the parental rights of Young and the two fathers.

## DISCUSSION

Young does not challenge the sufficiency of the evidence to support the jury's findings. In her sole issue on appeal, she contends that the trial court submitted an improper jury charge which confused the jury, lessened the State's burden of proof, and violated her due process rights. The standard for review of a jury charge is abuse of discretion, and abuse of discretion occurs only when the trial court acts without reference to any guiding principle. *Texas Dept. of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). Furthermore, a trial court has considerably more discretion in submitting instructions than it has in submitting questions. *M.N. Dannenbaum, Inc. v. Brummerhop,* 840 S.W.2d 624, 631 (Tex. App.—Houston [14th Dist.] 1992, writ denied). The standard for review of a trial court's instruction is that an error in instructing must have caused or can be reasonably calculated to have caused the rendition of an improper verdict. *Id.* When an instruction is given, the question on review is whether it was proper, and an explanatory instruction is improper only if it misstates the law as applicable to the facts. *Id.*

2

Young directs our attention to the following sentence in the instruction at issue: "The same ten or more of you must agree upon all of the answers made and to the entire verdict." She contends that this instruction did not accurately state the law "because there is no Texas case which states that you must terminate all parental rights or none." The instruction at issue is based on rule 292, which provides "[a] verdict may be rendered in any cause by the concurrence, as to *each and all* answers made, of the same ten members of an original jury of twelve . . . ." Tex. R. Civ. P. 292 (emphasis added). Young contends that the court's failure to include the "each and all" language from rule 292 in the instruction may have confused the jury into believing that they were required to deliver an "all or nothing" verdict. She contends that using language indicating that the same ten jurors had to agree "upon all the answers" rather than using language indicating that the jurors had to agree "upon each of the answers" may have led the jury to believe they were required to terminate the parental rights of all of the parents or none of the parents. Young maintains that the jury in this case was misled by the court's instruction into thinking that they were required to answer all of the questions "yes" or all of the questions "no."

In support of her argument, Young relies on *In re B.L.D.,* No. 10-99-335-CV, 2001 Tex. App. LEXIS 4841 (Tex. App.—Waco July 18, 2001, no pet. h.). That case, however, is clearly distinguishable. In *B.L.D.*, the Tenth Court of Appeals reversed the trial court's decision terminating the parental rights of a mother and father because the charge provided multiple grounds for termination and the court determined it was "impossible to know if at least ten jurors agreed on a single ground for termination." *Id.* at *32. The issue was not whether the jury might have believed they were required to terminate the rights of *both* the mother and father or *neither* as is Young's

3

contention in the present case. Furthermore, in this case, the jury charge provided a single ground for termination with respect to Young, and the verdict was unanimous. Thus, the instruction was permissible. *See E.B.*, 802 S.W.2d at 649. "*E.B.* has not been overruled, and we must follow it." *In re: M.C. M.*, 57 S.W.3d 27, 31 n.2 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

In our review of the jury charge, we find nothing that would suggest to the jurors that they were required to answer all questions "yes" or answer all questions "no," especially since the trial court submitted six separate questions as to the termination of the rights of each individual parent. Nor do we find any language to suggest to the jurors that they were not authorized to answer some questions "yes" while answering other questions "no." Most significantly, however, the language used in the trial court's instruction has been expressly approved by the Texas Supreme Court. Under the authority of rule 226a, *see* Tex. R. Civ. P. 226a, the supreme court prescribed standard instructions for jury trials. In section III of the order approving the standard instructions, the supreme court provides:

> That the following written instructions, with such modifications as the circumstances of the particular case may require, shall be given by the court to the jury as part of the charge:
>
> . . . .
>
> 6. You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

4

*See id.* Approved Instructions (West 2001). The trial court in the present case tracked this language verbatim in its jury charge. This language is a clear statement of the applicable law. *See* Tex. R. Civ. P. 292. Young has not provided any basis for this Court to conclude that the jury's verdict was not provided "by the concurrence, as to each and all answers made, of the same ten members." *Id.* In fact, Young has not identified any juror who disagreed with any answer or the verdict. Under these circumstances, we conclude that the trial court's submission of this instruction did not cause nor was it calculated to cause the rendition of an improper verdict; the trial court did not abuse its discretion.

Because we conclude that the instruction included in the jury charge has been expressly approved by the supreme court and, furthermore, is an accurate statement of the law as applied to the facts in this case, we overrule Young's sole issue on appeal and affirm the judgment of the trial court.

 

 

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 14, 2002

Do Not Publish