# NO. 12-10-00173-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE* |
| *OF S.L.,* | § | *COUNTY COURT AT LAW* |
| *A CHILD* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Stephanie Lee[1] appeals the trial court's order terminating her parental rights.  In one issue, Lee argues that the jury charge was improper.  We affirm.

### BACKGROUND

Stephanie Lee is the mother of S.L., born April 12, 2007.  Z.P. is S.L.'s father.[2] The Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of the parent-child relationship between both parents and S.L. After a full adversarial hearing, the trial court appointed the Department as S.L.'s temporary managing conservator.

A jury trial began on April 26, 2010. At the close of evidence, Lee objected to the jury charge, which included a broad form submission of the controlling question, i.e., whether the parent-child relationship should be terminated. She alleged that the jury should, instead, be asked to make a separate determination as to each ground for termination and then be asked whether

---

[1] We must use an alias, i.e. a person's initials or a fictitious name, to refer to a minor, the minor's parent, or other family member.  *See* TEX. R. APP. P. 9.8(a), (b)(2).  S.L.'s mother's initials match those of her daughter.  To avoid confusion, we have adopted "Stephanie Lee" as a pseudonym for S.L.'s mother.

[2] On April 27, 2010, Z.P. signed an unrevoked or irrevocable affidavit of voluntary relinquishment of parental rights to the Department of Family and Protective Services. Accordingly, on May 20, 2010, the trial court ordered the termination of his parent-child relationship with S.L. Z.P. is not a party to this appeal.

1

termination was in the child's best interest. The trial court overruled Lee's objection. In its charge, the trial court instructed the jury, in part, as follows:

> For the parent-child relationship in this case to be terminated with respect to [Lee], the mother of [S.L.], it must be proven by clear and convincing evidence that at least one of the following events has occurred:
>
> 1. [Lee] has knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
>
> 2. [Lee] has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
>
> 3. [Lee] has failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who [has] been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child[.]

Further, the jury charge stated that it must be proven by clear and convincing evidence that termination of the parent-child relationship would be in the best interest of the child, and listed some factors to consider in determining the best interest of the child. The charge then asked, "Should the parent-child relationship between [Lee] and [S.L.] be terminated?" The jury answered, "Yes." In accordance with the jury's verdict, the trial court found, by clear and convincing evidence, that Lee had engaged in one or more of the acts or omissions necessary to support termination of her parental rights, and that termination of the parent-child relationship between Lee and S.L. was in the child's best interest. Therefore, the trial court ordered that the parent-child relationship between Lee and S.L. be terminated. This appeal followed.

## JURY CHARGE

In her sole issue, Lee argues that the trial court abused its discretion by overruling her objection to the broad form submission of the parental termination question.

Complaints regarding the trial court's charge are reviewed under an abuse of discretion standard. **Tex. Dep't of Human Servs. v. E.B.**, 802 S.W.2d 647, 649 (Tex. 1990). An abuse of discretion occurs when the trial court acts without reference to any guiding principles. **Id**. An error in a charge is reversible only if harmful, that is, if it caused or was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. **Akin v. Santa Clara**

2

***Land Co., Ltd.***, 34 S.W.3d 334, 345 (Tex. App.—San Antonio 2000, pet. denied). To determine whether an alleged error in the jury charge is harmful, we must consider the pleadings, the evidence presented at trial, and the charge in its entirety. ***Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n***, 710 S.W.2d 551, 555 (Tex. 1986).

In all jury cases, the trial court shall, whenever feasible, submit the cause upon broad form questions. *See* TEX. R. CIV. P. 277; ***E.B.***, 802 S.W.2d at 649. In ***E.B.***, the trial court submitted a broad form submission question to the jury in a parental rights termination suit. ***E.B.***, 802 S.W.2d at 648; ***In re K.S.***, 76 S.W.3d 36, 48 (Tex. App.–Amarillo 2002, no pet.). The court of appeals reversed and remanded the cause, holding that multiple alternative submissions were proper. ***E.B.***, 802 S.W.2d at 648. In determining this issue, the Texas Supreme Court stated that the controlling question is "whether the parent-child relationship between the mother and [the children] should be terminated, not what specific ground or grounds under [the family code] the jury relied on to answer affirmatively the questions posed." *See **id.*** at 649. Thus, the supreme court held that a trial court does not abuse its discretion by using a broad form submission to ask this controlling question in a termination case. *See **id***.

Here, as in ***E.B.***, the jury charge tracked the statutory language of the family code in the three grounds given to the jury as a possible basis for termination of Lee's parental rights. *See **E.B.***, 802 S.W.2d at 648; ***In re K.S.***, 76 S.W.3d at 49; TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O) (Vernon Supp. 2010). Additionally, the charge instructed the jury that it must also be proven by clear and convincing evidence that termination of the parent-child relationship would be in the best interest of the child and listed "some factors to consider in determining the best interest of the child." *See **E.B.***, 802 S.W.2d at 648 (citing ***Holley v. Adams***, 544 S.W.2d 367, 371-72 (Tex. 1976)); TEX. FAM. CODE ANN. § 161.001(2) (Vernon Supp. 2010). Then, the trial court presented the controlling question to the jury by broad form submission, i.e., whether the parent-child relationship should be terminated. *See **E.B.***, 802 S.W.2d at 648-49.

Because the jury charge approved in ***E.B.*** is almost identical to that given in this case and ***E.B.*** has not been overruled, we conclude that ***E.B.*** is binding on this court. *See **In re L.C.***, 145 S.W.3d 790, 795 (Tex. App.—Texarkana 2004, no pet.) (stating court bound by ***E.B.*** permitting submission of disjunctive question regarding a parent's predicate acts or omissions); ***In re K.S.***, 76 S.W.3d at 49 (concluding that court is bound to follow ***E.B.*** unless it is overruled or vitiated); ***In re M.C.M.***, 57 S.W.3d 27, 31 n.2 (Tex. App—Houston [1st Dist.] 2001, pet. denied)

(determining that because an almost identical charge was considered and approved in ***E.B.*** which has not been overruled, court must follow ***E.B.***); *but see **In re B.L.D.***, 56 S.W.3d 203, 218-219 (Tex. App.—Waco 2001), *rev'd on other grounds,* 113 S.W.3d 340 (Tex. 2003). Therefore, because the jury charge tracked the statutory language and then asked the controlling question, the trial court did not abuse its discretion in overruling Lee's objection to the jury charge and in submitting a broad form submission question to the jury. *See **E.B.***, 802 S.W.2d at 649; ***In re J.T.G.***, 121 S.W.3d 117, 129 (Tex. App.—Fort Worth 2003, no pet.). Accordingly, Lee's sole issue is overruled.


## DISPOSITION

Having overruled Lee's sole issue, we ***affirm*** the judgment of the trial court.


## BRIAN T. HOYLE
Justice


Opinion delivered February 23, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4