NO. 12-10-00173-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE INTEREST                                     §                      APPEAL
FROM THE 

 

OF S.L.,                                                          §                      COUNTY
COURT AT LAW

 

A CHILD                                                        §                      ANDERSON
COUNTY, TEXAS







            MEMORANDUM
OPINION

            Stephanie Lee[1] appeals the trial court’s
order terminating her parental rights.  In one issue, Lee argues that the jury charge
was improper.  We affirm.

 

Background

            Stephanie
Lee is the mother of S.L., born April 12, 2007.  Z.P. is S.L.’s father.[2] The Department of Family and
Protective Services (the Department) filed an original petition for protection
of a child, for conservatorship, and for termination of the parent-child
relationship between both parents and S.L. After a full adversarial hearing,
the trial court appointed the Department as S.L.’s temporary managing
conservator.  

A
jury trial began on April 26, 2010. At the close of evidence, Lee objected to
the jury charge, which included a broad form submission of the controlling
question, i.e., whether the parent-child relationship should be terminated. She
alleged that the jury should, instead, be asked to make a separate
determination as to each ground for termination and then be asked whether
termination was in the child’s best interest. The trial court overruled Lee’s
objection. In its charge, the trial court instructed the jury, in part, as
follows:

 

For the parent-child relationship in this case to be
terminated with respect to [Lee], the mother of [S.L.], it must be proven by
clear and convincing evidence that at least one of the following events has
occurred:

 

1.      
[Lee] has knowingly placed or
knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child;

 

2.      
[Lee] has engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangers
the physical or emotional well-being of the child;

 

3.      
[Lee] has failed to comply with
the provisions of a court order that specifically established the actions
necessary for the mother to obtain the return of the child who [has] been in
the permanent or temporary managing conservatorship of the [Department] for not
less than nine months as a result of the child’s removal from the parent under
Chapter 262 for the abuse or neglect of the child[.] 

 

 

Further,
the jury charge stated that it must be proven by clear and convincing evidence
that termination of the parent-child relationship would be in the best interest
of the child, and listed some factors to consider in determining the best
interest of the child. The charge then asked, “Should the parent-child
relationship between [Lee] and [S.L.] be terminated?”  The jury answered,
“Yes.” In accordance with the jury’s verdict, the trial court found, by clear
and convincing evidence, that Lee had engaged in one or more of the acts or
omissions necessary to support termination of her parental rights, and that
termination of the parent-child relationship between Lee and S.L. was in the
child=s best interest.
Therefore, the trial court ordered that the parent-child relationship between
Lee and S.L. be terminated. This appeal followed.

 

Jury Charge

            In her
sole issue, Lee argues that the trial court abused its discretion by overruling
her objection to the broad form submission of the parental termination
question. 

Complaints
regarding the trial court’s charge are reviewed under an abuse of discretion
standard.  Tex. Dep’t of Human Servs. v. E.B., 802 S.W.2d 647,
649 (Tex. 1990).  An abuse of discretion occurs when the trial court acts
without reference to any guiding principles.  Id.  An error in a
charge is reversible only if harmful, that is, if it caused or was reasonably
calculated to cause, and probably did cause, the rendition of an improper
judgment.  Akin v. Santa Clara Land Co., Ltd., 34 S.W.3d 334, 345
(Tex. App.—San Antonio 2000, pet. denied).  To determine whether an alleged
error in the jury charge is harmful, we must consider the pleadings, the
evidence presented at trial, and the charge in its entirety. Island
Recreational Dev. Corp. v. Republic of Tex. Sav. Ass’n, 710 S.W.2d 551,
555 (Tex. 1986).

In
all jury cases, the trial court shall, whenever feasible, submit the cause upon
broad form questions. See Tex. R.
Civ. P. 277; E.B., 802 S.W.2d at 649. In E.B.,
the trial court submitted a broad form submission question to the jury in a
parental rights termination suit. E.B., 802 S.W.2d at 648; In
re K.S., 76 S.W.3d 36, 48 (Tex. App.–Amarillo 2002, no pet.).  The
court of appeals reversed and remanded the cause, holding that multiple
alternative submissions were proper. E.B., 802 S.W.2d at 648. In
determining this issue, the Texas Supreme Court stated that the controlling question
is “whether the parent-child relationship between the mother and [the children]
should be terminated, not what specific ground or grounds under [the family
code] the jury relied on to answer affirmatively the questions posed.” See
id. at 649. Thus, the supreme court held that a trial court does
not abuse its discretion by using a broad form submission to ask this
controlling question in a termination case. See id. 

Here,
as in E.B., the jury charge tracked the statutory language of the
family code in the three grounds given to the jury as a possible basis for
termination of Lee’s parental rights. See E.B., 802 S.W.2d at
648; In re K.S., 76 S.W.3d at 49; Tex. Fam. Code Ann. § 161.001(1)(D), (E), (O) (Vernon Supp.
2010).  Additionally, the charge instructed the jury that it must also be
proven by clear and convincing evidence that termination of the parent-child
relationship would be in the best interest of the child and listed “some
factors to consider in determining the best interest of the child.”  See E.B.,
802 S.W.2d at 648 (citing Holley v. Adams, 544 S.W.2d 367, 371-72
(Tex. 1976)); Tex. Fam. Code Ann. §
161.001(2) (Vernon Supp. 2010).  Then, the trial court presented the
controlling question to the jury by broad form submission, i.e., whether the
parent-child relationship should be terminated.  See E.B., 802
S.W.2d at 648-49.

Because
the jury charge approved in E.B. is almost identical to that
given in this case and E.B. has not been overruled, we conclude that
E.B. is binding on this court. See In re L.C., 145
S.W.3d 790, 795 (Tex. App.—Texarkana 2004, no pet.) (stating court bound by E.B.
permitting submission of disjunctive question regarding a parent’s predicate
acts or omissions); In re K.S., 76 S.W.3d at 49 (concluding that
court is bound to follow E.B. unless it is overruled or vitiated);
In re M.C.M., 57 S.W.3d 27, 31 n.2 (Tex. App—Houston [1st Dist.]
2001, pet. denied) (determining that because an almost identical charge was
considered and approved in E.B. which has not been overruled,
court must follow E.B.); but see In re B.L.D., 56
S.W.3d 203, 218-219 (Tex. App.—Waco 2001), rev’d on other grounds, 113
S.W.3d 340 (Tex. 2003). Therefore, because the jury charge tracked the
statutory language and then asked the controlling question, the trial court did
not abuse its discretion in overruling Lee’s objection to the jury charge and
in submitting a broad form submission question to the jury. See E.B.,
802 S.W.2d at 649; In re J.T.G., 121 S.W.3d 117, 129 (Tex.
App.—Fort Worth 2003, no pet.). Accordingly, Lee’s sole issue is overruled.

 

Disposition

Having
overruled Lee’s sole issue, we affirm the judgment of the trial
court.

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

 

 

Opinion delivered February 23, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1]
We must use an alias, i.e. a person’s initials or a fictitious name, to refer
to a minor, the minor’s parent, or other family member.  See Tex. R. App. P. 9.8(a), (b)(2).  S.L.’s
mother’s initials match those of her daughter.  To avoid confusion, we have
adopted “Stephanie Lee” as a pseudonym for S.L.’s mother.

 





                [2]
On April 27, 2010, Z.P. signed an unrevoked or irrevocable affidavit of
voluntary relinquishment of parental rights to the Department of Family and
Protective Services. Accordingly, on May 20, 2010, the trial court ordered the
termination of his parent-child relationship with S.L. Z.P. is not a party to
this appeal.