**Opinion issued October 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00349-CV**

————————————

**IN RE M.M., A CHILD**

———

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Case No. 15-CP-0001**

———

**MEMORANDUM OPINION**

This is a suit by the Texas Department of Family and Protective Services ("DFPS") to terminate a parent-child relationship. After a bench trial, the trial court terminated the parental rights of appellant D.H. ("Mother") to her minor child, M.M.,[1] based on its findings under section 161.001(b)(1) of the Texas Family Code

---

[1]   We use an alias to refer to the child and his parent. *See* TEX. R. APP. P. 9.8(b)(2).

and its finding that termination of the parent-child relationship was in M.M.'s best interest.[2] The trial court appointed DFPS as M.M.'s managing conservator.

In her sole issue on appeal, Mother contends that the trial court's order terminating her parental rights is void because the trial court failed to commence trial on the merits prior to the expiration of the statutory deadline.[3] DFPS concedes these points in its brief.

We agree that the trial court lacked subject matter jurisdiction to enter its order terminating Mother's parental rights because trial on the merits was not commenced prior to the statutory deadline—which mandates automatic dismissal of the case. Therefore, we vacate the trial court's order and dismiss the underlying case.

## Background

In 2013, C.M. ("Father")[4] was charged by indictment with the aggravated sexual assault of Mother.[5] In 2014, M.M. was born. In 2015, Father's paternity of M.M. was established. At some point, M.M. began living with Father. Mother's whereabouts were unknown.

---

[2] *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), and (O), (b)(2).

[3] *See id.* § 263.401.

[4] Although Father's parental rights to M.M. were also terminated in the trial court's order made the subject of this appeal, Father is not a party to this appeal.

[5] Father was later convicted of the lesser included offense of assault causing bodily injury. The indictment includes an enhancement paragraph stating that Father was previously convicted of the offense of murder.

On May 28, 2021, based on allegations made to school officials that Father had physically abused M.M., DFPS filed an Original Petition to Modify Prior Order in Suit Affecting the Parent-Child Relationship.[6] DFPS requested an emergency order for the protection of M.M. It sought temporary managing conservatorship of M.M. and the termination of Mother's parental rights.

The same day, the trial court entered an emergency order for the protection of M.M., finding that there existed an immediate danger to his physical health or safety. The trial court appointed DFPS as M.M.'s temporary sole managing conservator and appointed counsel to represent and locate Mother.

After a hearing in June 2021, the trial court issued a temporary order again appointing DFPS as M.M.'s temporary sole managing conservator.

Subsequently, Mother was located and appeared with counsel before the trial court. The trial court placed M.M. with his maternal grandmother, under the supervision of DFPS, and granted Mother supervised visitation. It ordered Mother to comply with the requirements set out in a DFPS Family Service Plan ("FSP").

In February 2022, the trial court issued an Initial Permanency Hearing Order. It found that there existed a continuing danger to the health and safety of M.M. and

---

[6] DPFS's petition sought to modify the 2015 Order Adjudicating Paternity.

3

that returning him to Mother was contrary to his welfare. The trial court set the case for trial on April 25, 2022 and set a statutory dismissal date of May 30, 2022.[7]

On March 22, 2022, the trial court issued an Agreed Order Retaining Suit on Court's Docket. The trial court reset trial for October 24, 2022 and extended the statutory dismissal date to November 26, 2022.[8] The trial court found that extraordinary circumstances necessitated that M.M. remain with DFPS as managing conservator and that such was in his best interest. It also found that Mother had made a good faith effort to complete the FSP but needed additional time.

On September 29, 2022, an associate judge signed an Agreed Permanency Hearing Order Before Final Order in the case. It ordered that M.M. remain with his maternal grandmother and that DFPS continue as his temporary managing conservator and monitor his placement. It found that Mother had "demonstrated partially adequate and appropriate compliance with the service plan," and it continued supervised visitation.

At a hearing on October 14, 2022, DFPS represented to the trial court that it "had an agreement with both parents and signatures from each parent." The parties discussed whether proof was required. The trial court stated: "Not on modifications that have been in this Court." It set October 21, 2022 for entry of a final order.

---

[7] *See* TEX. FAM. CODE § 263.401(a).

[8] *See id.* § 263.401(b).

On October 18, 2022, the presiding judge of the trial court adopted the associate judge's September 29, 2022 Agreed Permanency Hearing Order Before Final Order. The trial court's docket sheet states that the matter was "[s]ettled" and that the October 24, 2022 trial was "canceled." The record does not reflect that a final order was issued at that time.

Rather, throughout 2023 and early 2024, additional permanency hearings were held and additional orders on those hearing were issued. These orders state: "Trial has commenced; the dismissal date is stayed."

At a bench trial on April 26, 2024, the following colloquy occurred:

[DFPS]: So, we started trial October 14th, 2022. We were thinking—we never had a mediated settlement agreement but we did have signatures on some proposed final orders but we wanted to be sure that the caregiver could become licensed and receive benefits for the child.

Essentially, over the last year and a half a lot of different things have happened on the case. That shifted the goal to termination and that being in the best interest of [M.M.] and the caregiver. So, we never really took any initial testimony. So, now we're just resuming to do termination.

And I have the exhibits and everything, too. . . .

THE COURT: Now my notes make sense because the only notes I seem to have is they said they're definitely coming back in October. We're all good. And I'm, like, okay. Then I wrote not another note.

Okay. So good. There's nothing that's been presented that I would have to find the court reporter who did the record to make sure there's no information that's

5

> missing that I don't recall that I need to factor into my decisionmaking.
>
> [DFPS]:           Correct.
>
> THE COURT:    Okay.  Good to know. . . .

In its May 3, 2024 Order of Termination, the trial court found that termination of the parent-child relationship between Mother and M.M. was in M.M.'s best interest[9] and that Mother had knowingly placed M.M, or allowed him to remain, in conditions that endangered his well-being; that Mother had engaged, or knowingly placed M.M. with others who engaged, in conduct that endangered his well-being; and that Mother had failed to comply with a court order establishing the actions necessary for her to obtain M.M.'s return.[10]  The trial court terminated Mother's parental rights and appointed DFPS as M.M.'s permanent managing conservator.

## Jurisdiction

In her sole issue, Mother contends that the Order of Termination is void because trial on the merits was not commenced prior to the expiration of the automatic statutory dismissal date. *See* TEX. FAM. CODE § 263.401.  DFPS concedes that trial did not timely commence and that therefore the trial court lost subject-matter jurisdiction to terminate Mother's parental rights.

---

[9]      *See id*. § 161.001(b)(2).

[10]     *See id*. § 161.001(b)(1)(D), (E), and (O).

6

**A.** *Standard of Review and Legal Principles*

A challenge to a trial court's subject-matter jurisdiction presents a question of law that we review de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). An order resulting from judicial action rendered after a trial court loses jurisdiction is void. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). Despite DFPS's concession, we must analyze the jurisdictional question "[b]ecause of the longstanding principle that subject-matter jurisdiction is a power that exists by operation of law only, and cannot be conferred upon any court by consent or waiver." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (internal quotations omitted).

A parent's "right to the companionship, care, custody, and management of his or her children is an interest far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982) (internal quotations omitted). "When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it." *Id.* at 759. "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one." *Id.* (internal quotations omitted). Thus, we strictly scrutinize termination proceedings and strictly construe the involuntary termination statutes in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

In recognizing the importance of providing children with permanence and stability in their lives, the Texas Legislature enacted section 263.401 of the Texas

Family Code to "encourage prompt resolution of suits in which [DFPS] requests termination of the parent-child relationship or requests that [DFPS] be named conservator of a child." *In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). "The purpose of section 263.401 is to prevent children from languishing indefinitely in foster care." *In re M.C.M.*, 57 S.W.3d 27, 36 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Section 263.401(a) provides:

Unless the court has commenced the trial on the merits or granted an extension . . . , on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit . . . is terminated and the suit is automatically dismissed without a court order. . . .

TEX. FAM. CODE § 263.401(a).

Thus, section 263.401(a) requires a trial court presiding over a termination suit to commence the trial on the merits within one year after the initial temporary order or grant an extension. *In re G.X.H.*, 627 S.W.3d at 292. If the trial court fails to either timely commence trial or grant an extension, "the statute dictates a dire consequence: the trial court's jurisdiction over the suit 'is terminated and the suit is automatically dismissed.'" *Id.* It is a "self-executing dismissal." *Id.* at 296.

In extraordinary circumstances, as defined in section 263.401(b), a trial court may extend the initial one-year dismissal date one time. *See* TEX. FAM. CODE § 263.401(b), (c). The trial court may retain the suit on its docket for an additional

180 days beyond the one-year deadline if it finds that (1) extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of DFPS and (2) continuing the appointment of DFPS as temporary managing conservator is in the best interest of the child. *Id. See id.* § 263.401(b).

If the trial court grants an extension but does not commence trial on the merits by the new dismissal date, its jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order. *Id.* § 263.401(c). The trial court may not grant an additional extension. *Id.*

Further, the parties "may not extend the deadlines set by the court under this subchapter by agreement or otherwise." *Id.* § 263.402.

**B.** *Discussion*

Here, the trial court rendered an order appointing DFPS the temporary managing conservator of M.M. on May 28, 2021. The original statutory dismissal date was May 30, 2022. *See id.* § 263.401(a).

On March 22, 2022, the trial court signed an order retaining the case and extending the statutory dismissal date by 180 days. *See id.* § 263.401(b). The trial court reset the case for trial on October 24, 2022 and set a new statutory dismissal date of November 26, 2022. *See id.*

At the October 14, 2022 hearing, DFPS represented to the trial court that it "had an agreement with both parents and signatures from each parent." DFPS

9

explained that it was awaiting certain signatures, and the trial court set the matter for entry of judgment on October 21, 2022.

On October 18, 2022, the trial court adopted the associate judge's September 29, 2022 Agreed Permanency Hearing Order *Before Final Order*. But the record does not reflect that a final order was entered or that trial commenced before the statutory dismissal date—November 26, 2022.

Rather, the record shows that trial commenced 17 months later on April 26, 2024 and that the trial court rendered an Order of Termination on May 3, 2024. The order recites that this case was heard on October 14, 2022 *and* April 26, 2024.

To "commence[] the trial on the merits" under section 263.401 "requires more than a putative call of the case and an immediate recess in order to comply with the statute." *In re Z.S.*, 631 S.W.3d 313, 318 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (internal quotations omitted). Factors that reviewing courts have considered include the trial date recited in the final order and, in the time between calling the case and recessing on the putative commencement date, whether (1) preliminary matters were addressed, (2) parties announced "ready," (3) opening statements were made, (4) witnesses were sworn, (5) witnesses were called to testify, and (6) exhibits were admitted. *In re J.L.J.*, 645 S.W.3d 294, 295–96 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *see, e.g.*, *In re R.J.*, 579 S.W.3d 97, 109–10 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (holding that trial on merits commenced where

10

witnesses were sworn, counsel announced ready, pretrial matters were discussed, and witness testified briefly before trial court recessed).

The two-page transcript of the October 14, 2022 hearing reflects that neither party announced ready for trial.  Rather, the parties stated only that they had reached an agreement in the case.  No opening statements were made, no witnesses were sworn, and no evidence was admitted.  Further, the trial court's docket sheet states that the matter was "[s]ettled" and that the October 24, 2022 trial was "canceled."[11]

DFPS now "concedes that the trial did not commence before the statutory dismissal date."

Because trial on the merits did not commence before the statutory dismissal date of November 26, 2022, the trial court automatically lost jurisdiction over DFPS's termination suit on that date. *See* TEX. FAM. CODE § 263.401(a).  Thus, we hold that the trial court's May 3, 2024 order terminating Mother's parental rights to M.M. is void. *See id.*; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *In re A.F.*, 653 S.W.3d 730, 745 (Tex. App.—Fort Worth 2019, no pet.) (holding

---

[11] "Generally, docket sheet entries are insufficient to constitute a decree of the court." *In re G.X.H.*, 627 S.W.3d 288, 297 (Tex. 2021) (internal quotations omitted). However, the Texas Family Code alters this general rule in termination cases. *Id.* Section 101.026 expressly authorizes a trial court to render an order on its docket sheet. TEX. FAM. CODE § 101.026; *see In re G.X.H.*, 627 S.W.3d at 297–98 (considering docket sheet entries in determining whether trial on merits had commenced).

11

that trial court automatically lost jurisdiction over termination suit when no trial was had by dismissal deadline and that ensuing order of termination was void).

We sustain Mother's sole issue.

## Conclusion

For the reasons set forth above, we vacate the portion of the trial court's order terminating Mother's parental rights and dismiss the underlying case as to her without prejudice to refiling or to the trial court rendering any applicable new emergency order. *See* TEX. FAM. CODE § 262.102; *In re K.C.*, 656 S.W.3d 146, 153 (Tex. App.—Fort Worth 2022, no pet.); *In re K.Y.*, 273 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2008, no pet.).[12]

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

---

[12] "Our jurisdiction in an appeal from a void order is limited to determining only that the order or judgment underlying the appeal is void and making appropriate orders based on that determination." *In re A.F.*, 653 S.W.3d 730, 745 (Tex. App.—Fort Worth 2019, no pet.). When, as here, a party appeals a void judgment, "the proper practice for a reviewing court is to declare the judgment void, set it aside, and dismiss the case." *Id.*; *see* TEX. R. APP. P. 43.2(e).