**Opinion issued April 11, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00929-CV

_____

**ERIC D. BURNS, Appellant**

**V.**

**EMD SUPPLY INC. AND JAMES A.WHITE IN HIS OFFICIAL CAPACITY AS CEO OF EMD SUPPLY INC., Appellees**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 22-DCV-294981

## MEMORANDUM OPINION

Appellant Eric D. Burns, proceeding pro se, appeals from the trial court's Rule 91a dismissal of his claims for breach of contract and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Burns also appeals from the trial court's denial of his motion to recuse.

In eight issues, Burns argues the trial court erred because (1)-(2) the trial court's acts or admissions in an earlier lawsuit constituted conspiracy, bias, and lack of competence; (3) the trial court had probable cause to believe Appellees EMD Supply Inc. and James A. White violated the DTPA; (4) the trial court's failure to hear Burns' motion for jury trial violated the Texas Constitution; (5) other acts by the trial court violated the Texas Constitution; (6) the trial court abused its discretion in its application of the DTPA's two-year statute of limitations; (7) the district court trial judge's failure to recuse himself violated the Texas Rules of Civil Procedure; and (8) the laws of fraud, fraudulent concealment, and fraudulent inducement apply.

We affirm the trial court's judgment.

### Background

This is the second lawsuit brought by Appellant Eric D. Burns in connection with a purported contract between him and Appellees EMD Supply, Inc. and James A. White involving a patent for a "Home Communicator." Both lawsuits were dismissed under Rule 91a of the Texas Rules of Civil Procedure. Burns appeals from the dismissal of his claims in the second lawsuit.[1]

---

[1] It appears Burns also seeks to appeal certain rulings from the first lawsuit, but his challenges to that lawsuit were already appealed and decided adversely to Burns in *Burns v. White*, No. 14-20-00646-CV, 2022 WL 2311621, at *1 (Tex. App.—Houston [14th Dist.] June 28, 2022, no pet.) (mem. op.). Any issues related to the first lawsuit are thus not properly before us.

## A.     The First Lawsuit[2]

In 2019, Burns sued White for breach of contract, alleging White entered into a Letter of Intent to "build a functional prototype or financially fund a working prototype" ("the First Lawsuit").  The Letter of Intent stated:

### LETTER OF INTENT

### (Preliminary Agreement)

James A. White, CEO

EMD Supply, Inc. located at 909 Industrial Blvd., Sugar Land, TX 77478 has considerable interest in a concept created by Eric Burns of iBurns, Inc. 391 Highway 90 E. Sealy, TX and its creation "The Home Communicator", (i.e. Home Communication) to fund a prototype which is functional.  Upon availability of the prototype, EMD Supply, Inc. agrees to begin negotiations for licensing and distribution of the product per an agreed upon amount per unit with Eric Burns, Inventor A.K.A. iBurns, Inc.

White and Burns both signed the Letter of Intent, which was not dated.  According to Burns' Original Petition, White told Burns after signing the Letter of Intent "not to speak or discuss this with anyone.  [Consequently, Burns was] [m]issing out on other business deals."  Burns alleged that as of January 17, 2018, the prototype for his invention had not been built or funded and White had "stopped all communications with [Burns] for no apparent reason."

---

[2]     The First Lawsuit was styled *Eric D. Burns v. James A. White*, No. 19-DCV-268373, In the 268th District Court of Fort Bend County, Texas.

White moved for dismissal of Burns' breach of contract claim under Rule 91a of the Texas Rules of Civil Procedure. White asserted Burns' claim had no basis in law because the Letter of Intent lacked essential terms, it was indefinite, and it did not indicate there had been a meeting of the minds. White also argued the claim against him failed because White was not a party to the Letter of Intent in his individual capacity. *See Burns v. White*, No. 14-20-00646-CV, 2022 WL 2311621, at *1 (Tex. App.—Houston [14th Dist.] June 28, 2022, no pet.) (mem. op.) ("*Burns I*"). The trial court granted White's Rule 91a motion and dismissed Burns' breach of contract claim. *Id.* at *2. Burns appealed the dismissal of his claim to the Fourteenth Court of Appeals, arguing (1) the trial court erred by being "bias[ed] against the law," (2) he received ineffective assistance of counsel, and (3) the trial court erred in granting White's motion to dismiss. *Id.* at *1. The Fourteenth Court of Appeals affirmed the trial court's dismissal. *Id.*

The Fourteenth Court of Appeals held Burns' first issue was "unsupported by the record, inadequately briefed, incomplete, and multifarious." *Id.* at *4. The court held Burns' ineffective assistance of counsel argument lacked merit because a party does not have "a constitutional right to effective assistance of counsel in litigation involving a breach of contract." *Id.* And as it concerned his third issue, the court held the trial court properly dismissed Burns' claims under Rule 91a because the Letter of Intent did not create a binding contract. *Id.* at *6. The court

4

held the Letter of Intent "lack[ed] essential terms, such as the price, the specific performance promised, and the timing of said performance." *Id.* It concluded the Letter of Intent "failed[ed] for indefiniteness because [there were] no essential terms providing how [a court] would enforce each of the parties' rights." *Id.* The court continued, "[T]his letter of intent was no more than an indefinite indication of interest in negotiating toward a contract in the future. As the trial court concluded, the letter of intent does not demonstrate that the parties actually intended to be contractually bound." *Id.* Further, the court held the Letter of Intent's reference to creation of a functional prototype "was a condition precedent to the parties' formation of a binding contract." *Id.* at *7.

**B.     The Second Lawsuit**

On July 11, 2022, less than two weeks after the Fourteenth Court of Appeals issued its opinion in the First Lawsuit, Burns filed another lawsuit involving the same issues, this time against EMD Supply, Inc. and White in his capacity as CEO of EMD Supply, Inc. (the "Second Lawsuit"). Burns asserted a claim for "breach of verbal contract" based on an alleged oral agreement between the parties and a claim for "deceptive trade practices" claiming he was misled into believing he had executed a binding contract. We construe the latter as a claim for violations of the DTPA.

In the background section of his petition, Burns alleged that White, in his

capacity as EMD's chief executive officer, offered Burns "$30,000.00 in services and 15% to 20% of royalties from the production and commercial sale of [Burns'] invention."[3] Burns alleged he obtained a patent on his invention and that EMD "agreed to produce a fully functional prototype of [Burns'] invention [] prior to the patent's expiration date" of August 18, 2017. Burns alleged EMD "failed to produce a functional prototype before the expiration date of [his] patent" and that said failure "constituted a breach of the oral contract agreement."

In support of his contract claim, Burns alleged that White orally offered him $30,000 in services, a percentage amount of commercial sales, and to produce a functional prototype of his invention before the expiration of his patent. He alleged he orally accepted the offer and that as such, there was a meeting of the minds. Burns alleged both parties "orally consented to the material and essential terms," there was consideration when White "exchanged an oral agreement to produce a functional prototype along with the letter of intent for [Burns'] intellectual property," and White delivered the Letter of Intent to Burns and Burns delivered the intellectual property to White. Burns alleged, "The parties mutually agreed that the terms of the oral agreement were binding; and concluded with a handshake to seal the deal."

---

[3]     The petition does not describe the purported invention but states it is called "The Home Communicator."

6

In support of his DTPA claim, Burns alleged that White

> either misrepresented facts to mislead Plaintiff into believing that a binding oral contract existed between them; or, entered into an oral contract agreement with the Plaintiff with no intentions of keeping the oral contract portion of the agreement. That Plaintiff relied on Defendant's promise is obvious.

EMD and White filed a general denial asserting several affirmative defenses. EMD and White also filed a specific denial alleging Burns had not satisfied all conditions precedent to filing his claims, and a verified denial alleging both that White was not liable in the capacity in which he was sued and that the purported contract lacked consideration.

EMD and White later filed a Rule 91a motion to dismiss Burns' claims, arguing Burns' breach of contract lacked merit because it lacked essential terms. They also argued the claim was barred by res judicata, collateral estoppel, and the statute of limitations. EDM and White also moved to dismiss Burns' DTPA claims arguing the claim was time-barred, the petition did not establish the elements of a DTPA claim, and Burns failed to give notice to EMD and White of his claim before filing suit as required under Section 17.505(a) of the Texas Business and Commerce Code.[4]

---

[4] Section 17.505(a) of the Texas Business and Commerce Code states in pertinent part:

> As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 60

7

In his response to the motion to dismiss, Burns asserted fraud and conspiracy for the first time. Burns argued EMD and White had committed fraud by making a "material representation that the oral agreement and the letter of intent formed a binding contract obligating [them] to produce a functional prototype before [Burns'] patent expired." Burns premised his conspiracy claim on his allegation that his attorney in the First Lawsuit had conspired with defense counsel to withdraw from his representation of Burns before raising the DTPA claim and failing to advise Burns of his right to assert such a claim. Burns advanced these arguments in response to EMD and White's limitations argument. Burns' response did not address the other grounds raised in EMD and White's motion to dismiss.

The trial court held a hearing on the motion to dismiss. During the hearing, EMD and White argued that Burns' claims should be dismissed because they were time-barred. They argued the statute of limitations for both claims began to run on August 18, 2017—the date on which Burns' patent expired and the date by which he claimed he was owed goods or services.[5] Because Burns did not file his suit

---

days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

TEX. BUS. & COM. CODE § 17.505(a).

[5] Later, during the hearing, EMD and Burns argued that even if a breach had occurred, it had occurred on August 19, 2017, the day *after* Burns' patent expired. They argued the statute thus began to run on August 19, 2017.

8

until 2022, Appellees argued his claims ran afoul of the four-year statute of limitations for contract claims and the two-year statute of limitations for DTPA claims.[6]

Although Burns did not argue the Letter of Intent was a contract,[7] he argued the oral contract "induced" him to proceed with the Letter of Intent. He argued that White "fraudulently induced" him to give him his intellectual property. Burns argued that after White obtained Burns' intellectual property, White "totally cut off all communications[.]" Turning to EMD and White's limitations argument, Burns then argued his breach of contract claim was not time-barred because there was an oral contract that led to the Letter of Intent. He also argued his DTPA claim was not time-barred because the statute of limitations began to run when the trial court dismissed his claims in the First Lawsuit. EMD and White responded that Burns

> understood that this contract wasn't a contract when it wasn't performed on that August 18th, 2017 day, [] the day after the patent expired, and he didn't collect anything from either that oral contract or that letter of intent, or those alleged contracts. And that's the date when the statute begins running. . . . [W]hether or not he claimed it

---

6    *See* TEX. CIV. PRAC. & REM. CODE § 16.051 (four-year statute of limitations for breach of contract actions); TEX. BUS. & COM. CODE § 17.565 (two-year statute of limitations for DTPA claims).

7    Burns conceded that the Letter of Intent, which formed the basis of his claims against White in the First Lawsuit, is not a contract. In his request for permission to proceed in forma pauperis in the present lawsuit, Burns stated that "The letter of intent, though not a binding contract agreement *per se*, was preceded by an oral agreement[.]" And during the hearing on Appellees' Rule 91a motion to dismiss, Burns stated, "I agree . . . that the letter of intent is not a binding, enforceable contract."

was fraud, he knew that the contract wasn't performed and now that he's alleging those same actions gave rise to fraud. His misunderstanding that it was fraud versus a breach of contract [] shouldn't change the date that that statute starts running. Because, essentially, the same thing is, there was an act that didn't happen.

EMD and White argued that even if there had been a breach, the breach would have occurred at the latest, on August 19, 2017. Similarly, to the extent there was any fraud, they argued Burns would have known or should reasonably have known of any fraud by August 19, 2017. EMD and White also argued res judicata and collateral estoppel barred the claims.

At the end of the hearing, the trial court orally granted EMD and White's Rule 91a motion. Later, on October 31, 2022, the court issued a written order of dismissal. The order of dismissal does not state the grounds for the trial court's ruling.

After the Rule 91a hearing but before the trial court issued its written order of dismissal, Burns filed an unverified "Motion to Recuse and Disqualification for Lack of Competence in the Law and Racial Discrimination" seeking the recusal of Associate Judge Lisa Gonzalez Rogers from the case.[8] Burns alleged the trial court, defense counsel, and the district clerk's office "conspired together . . . to deprive [Burns] of the right to jury trial." Burns acknowledged that his motion was "based primarily on the erroneous rulings of [the] judge," which demonstrated the

---

[8] Associate Judge Lisa Gonzalez Rogers, an associate judge for the 268th District Court, heard and ruled on the Rule 91a motion in the Second Lawsuit.

judge "lacked impartiality and discriminated against [Burns] based on race," that her acts reflected a "lack of competence in the law," and that she "intentionally and knowingly conspired with Defendant's attorney and at least one clerk, acting under color of law, to prevent the successful prosecution of Plaintiff's claim against EMD Supply Inc., et al."  Associate Judge Gonzalez Rogers orally granted Burns' motion to recuse during a hearing on November 2, 2022.

On November 30, 2022, Burns filed a second unverified motion to recuse, this time seeking the recusal of District Judge R. O'Neill Williams.[9]  Burns argued the trial court's "lack of impartiality [was] demonstrated by rulings directly contradicted by the facts, the record and the applicable laws."  Burns based his motion in part on the trial court's order permitting Burns' former attorney to withdraw in the First Lawsuit.  Burns alleged the district court judge had "deliberately conspired" with defense counsel and Burns' former counsel to "interfere, intervene, sabotage and otherwise prevent" Burns from recovering damages from EMD.  District Judge Williams orally denied Burns' second motion to recuse during an attorney's fee hearing on December 2, 2022.

This appeal ensued.

---

[9]     District Judge R. O'Neill Williams presided over the First Lawsuit.  It is unclear whether he presided over any portion of the Second Lawsuit prior to Judge Gonzalez Rogers' recusal.

11

Burns' notice of appeal indicates he is appealing from: (1) the trial court's order granting EMD and White's Rule 91a motion to dismiss and request for attorney's fees signed on October 31, 2022; (2) District Judge Williams' denial of Burns' second motion to recuse; and (3) the trial court's order granting EMD and White's request for attorney's fees signed on December 2, 2022.[10]

## Standard of Review

### A. Rule 91a Motion to Dismiss

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action that "has no basis in law or fact." *See* TEX. R. CIV. P. 91a; *Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at \*3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see also Seger*, 2022 WL 17981559, at \*3. There are generally two circumstances in which a court may determine a cause of action has no basis in law: (1) when the plaintiff fails to plead a viable, legally cognizable cause of action, or (2) when the plaintiff has alleged facts that negate entitlement to the relief requested. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex.

---

[10] Burns also seeks to appeal from an order dated November 12, 2022 granting EMD and White's Rule 91a motion to dismiss and request for attorney's fees. The record, however, does not include any order signed on November 12, 2022 either granting Appellees' Rule 91a motion or any other motion.

App.—Corpus Christi-Edinburg 2017, no pet.). We review a trial court's decision on a Rule 91a motion to dismiss de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).

A court may not consider evidence in ruling on a Rule 91 a motion. It must "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" allowed by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6; *see also Bethel*, 595 S.W.3d at 654. A Rule 91a motion, however, may be premised on affirmative defenses. *Bethel*, 595 S.W.3d at 656; *Seger*, 2022 WL 17981559, at \*10 (affirming Rule 91a dismissal based on affirmative defense of statute of limitations); *Smale v. Williams*, 590 S.W.3d 633, 635–36 (Tex. App.—Texarkana 2019, no pet.) (affirming Rule 91a dismissal based on res judicata). If an affirmative defense on which a Rule 91a motion is based cannot be "conclusively established" by the facts pled in the plaintiff's petition and requires evidentiary consideration, the defense is "not a proper basis for a [Rule 91a] motion to dismiss." *Bethel*, 595 S.W.3d at 656.

## B.     Motion to Recuse

An order denying a motion to recuse is reviewed for abuse of discretion. *In re M.C.M.,* 57 S.W.3d 27, 33 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); TEX. R. CIV. P. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."). A trial

court abuses its discretion by acting in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). If a party appeals the denial of a motion to recuse based on alleged bias or impartiality, "the party must show that this bias arose from an extrajudicial source and not from actions during the pendency of the trial court proceedings, unless these actions during proceedings indicate a high degree of favoritism or antagonism that renders fair judgment impossible." *In re M.C.M.*, 57 S.W.3d at 33.

## Analysis

### A. Rule 91a Motion to Dismiss

At the end of the hearing on EMD and White's Rule 91a motion to dismiss, the trial court judge orally granted the motion, stating she found "in favor of the defense for the statute of limitations regarding the breach of contract and the DTPA claim[.]" The written order of dismissal later signed by the trial court, however, states only that EMD and White's motion to dismiss "is hereby GRANTED in its entirety." When, as here, an order granting a Rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of the order "must negate the validity of each ground" on which the trial court could have granted the motion. *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 WL 3940973, at *3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.). "A

written order that does not specify grounds controls over any oral pronouncement made by the court during the hearing." *Estate of Savana*, 529 S.W.3d 587, 592–93 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Shumway v. Whispering Hills of Comal Cty. Tex. Prop. Owners Ass'n, Inc.*, No. 03-15-00513-CV, 2016 WL 4429939, at *2 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.) (holding that even though trial court orally pronounced it was granting Rule 91a motion based on limitations, judge's written order, which did not specify court's reasons for granting motion, controlled for purposes of appellate review).

### 1. DTPA Claim

In their motion to dismiss, EMD and White argued Burns' DTPA claim should be dismissed because Burns had not pled facts addressing the elements of a DTPA claim or provided EMD and White the statutory notice required before filing his claim. Burns does not address these asserted grounds for dismissal on appeal. For this reason alone, his challenge on appeal as to his DPTA claim fails. *See Smart v. Prime Mortg. & Escrow, LLC*, 659 S.W.3d 155, 164 (Tex. App.—El Paso 2022, pet. denied) (affirming Rule 91a dismissal because appellant failed to challenge every ground upon which trial court could have relied in granting motion to dismiss), *cert. denied*, 143 S. Ct. 533 (2022); *see also Emmanuel v. Izoukumor*, 611 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("Since [appellant] has not challenged every ground upon which the trial court could have

relied when granting the motion to dismiss, we must affirm the trial court's decision.").

In his third issue, Burns merely argues the trial court had probable cause to believe EMD and White violated the DTPA, and in his sixth issue, he argues the trial court abused its discretion in failing to properly apply the DTPA's two-year statute of limitations. Burns does not provide any analysis or any detailed discussion to support his arguments. Burns thus waived his DTPA claim on appeal. *See Guimaraes v. Brann*, 562 S.W.3d 521, 537–38 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (stating that failure to provide substantive analysis of issues presented results in waiver of complaint on appeal); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.) ("A failure to provide substantive analysis of an issue waives the complaint."); TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). And even if Burns had not waived his complaint, we overrule his issues on this point.

Even liberally construing Burns' arguments on appeal, we hold the trial court did not abuse its discretion in dismissing Burns' DTPA claim.[11] To prevail

---

[11] *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (stating that courts should review and evaluate pro se pleadings with "liberality and patience").

on a DTPA claim, the plaintiff must prove (1) he is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts specifically enumerated in Section 17.46(b) of the Texas Business and Commerce Code,[12] engaged in an unconscionable course of action,[13] breached an express or implied warranty, or violated Chapter 541 of the Texas Insurance Code,[14] and (3) the defendant's act was a producing cause of the plaintiff's injury. TEX. BUS. & COM. CODE § 17.50(a); *Malik v. GEICO Advantage Ins. Co., Inc.*, No. 01-19-00489-CV, 2021 WL 1414275, at *7 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.); *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App.—El Paso 2012, pet. denied).

The DTPA defines "consumer" as "an individual . . . who seeks or acquires by purchase or lease, any goods or services[.]" TEX. BUS. & COM. CODE § 17.45(4); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To establish status as a DTPA consumer, the plaintiff must establish he (1) "sought or

---

[12] Section 17.46(b) of the Business and Commerce Code enumerates a "laundry list" of thirty-four "false, misleading, or deceptive acts or practices" that are prohibited by the DTPA. TEX. BUS. & COM. CODE § 17.46(b).

[13] An "[u]nconscionable action or course of action" is "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." *Malik v. GEICO Advantage Ins. Co., Inc.*, No. 01-19-00489-CV, 2021 WL 1414275, at *7 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.) (citing TEX. BUS. & COM. CODE § 17.45).

[14] Chapter 541 of the Insurance Code prohibits "unfair or deceptive acts or practices in conducting the business of insurance." *Malik*, 2021 WL 1414275, at *7 (citing TEX. INS. CODE § 541.003).

17

acquired goods or services by purchase or lease," and (2) "the goods and services in question must form the basis of the plaintiff's complaint." *Jones v. Star Houston, Inc.*, 45 S.W.3d 350, 356 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13, 19 (Tex. App.—Houston [1st Dist.] 1995, no writ)).[15] The consumer must allege the defendant violated a specific provision of the DTPA in his petition. *Amstadt*, 919 S.W.2d at 649.

> In support of his DTPA claim, Burns' original petition states only:
>
> [E]ither James A. White was authorized to enter into an oral contract agreement with Plaintiff as the CEO of EMD Supply Inc. or James A. White lacked the authority.
>
> i.  Moreover, James A. White either misrepresented facts to mislead Plaintiff into believing that a binding oral contract existed between them; or, entered into an oral contract agreement with the Plaintiff with no intentions of keeping the oral contract portion of the agreement. That Plaintiff relied on Defendant's promise is obvious.
>
> ii.  In either case, EMD Supply Inc. is liable for the $60,000 in damages caused by the failure of James A. White to produce a functional prototype of Plaintiff's invention; under: Respondeat Superior.

Burns' petition does not establish he is a consumer for purposes of the DTPA. He does not establish he "sought or acquired goods" by purchase or lease from EMD

---

[15]  The determination of whether one is a consumer under the DTPA is a question of law. *Marshall v. Enter. Bank*, No. 10-16-00379-CV, 2018 WL 4224078, at *3 (Tex. App.—Waco Sept. 5, 2018, pet. denied) (mem. op.).

and White. Nor does the petition identify any provision of the DTPA that Burns claims EMD and White violated or allege Burns relied to his detriment on any of the actionable representations identified in Section 17.46. *See* TEX. BUS. & COM. CODE § 17.46(b) (identifying "laundry list" of thirty-four "false, misleading, or deceptive acts or practices" prohibited by DTPA). Given these shortcomings, the trial court properly dismissed his DTPA claim under Rule 91a. *See DeVoll v. Demonbreun*, No. 04-14-00116-CV, 2014 WL 7440314, at *2 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (holding Rule 91a motion properly granted as to DTPA claim when plaintiff failed to alleged facts showing he was consumer as to goods or services provided by defendant); *Teel v. Autonation Motors, LLC*, No. 02-20-00419-CV, 2022 WL 123217, at *4 (Tex. App.—Fort Worth Jan. 13, 2022, no pet.) (mem. op.) (affirming trial court's Rule 91a dismissal of DTPA claim when plaintiff failed to allege he relied on any Section 17.46(b) representation to his detriment).

We overrule Burns' third and sixth issues.

### 2. Breach of Contract

Although the trial court's dismissal of Burns' contract claim is not specifically identified in his appellate issues, Burns complains on appeal that Associate District Judge Gonzalez "failed to analyze and apply the law correctly to the facts of this case." Burns argues that his "legal position is based on an ORAL

CONTRACT AGREEMENT. Said oral contract agreement happened prior to the letter of intent." We liberally construe Burns' argument as complaining of the trial court's order granting Appellees' motion to dismiss his contract claim.

EMD and White argued in their Rule 91a motion to dismiss that Burns' breach of contract claim failed because the alleged oral contract lacked the essential terms required for contract formation. To establish a claim for breach of contract, a plaintiff must establish (1) the existence of a valid contract between the plaintiff and defendant, (2) the tender of performance by plaintiff, (3) defendant's breach of the contract terms, and (4) damages resulting from the breach. *AMS Const. Co., Inc. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd). The elements of a written or oral contract consist of (1) an offer, (2) acceptance of the offer, (3) a meeting of the minds, (4) consent by each party to the terms, and (5) execution and delivery of the contract with the intent it be mutual and binding. *Tyco Valves & Controls, L.P. v. Colorado*, 365 S.W.3d 750, 771 (Tex. App.—Houston [1st Dist.] 2012), *aff'd on other grounds*, 432 S.W.3d 885 (Tex. 2014).

For a contract to be enforceable, "the terms of the contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties." *APMD Holdings, Inc. v. Praesidium Med. Prof'l Liab. Ins. Co.*, 555 S.W.3d 697, 707 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see Fort Worth*

20

*Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000) ("In general, a contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations."). In *Fort Worth Independent School District*, the Supreme Court held:

> [A]n agreement to make a future contract is enforceable only if it is "specific as to all essential terms, and no terms of the proposed agreement may be left to future negotiations." It is well settled law that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree.

*Id.* "Essential terms" are terms the parties "would reasonably regard as vitally important elements of their bargain." *Gen. Metal Fabricating Corp. v. Stergiou*, 438 S.W.3d 737, 744 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Further, even if the parties' intent to agree is clear, "the agreement's terms must be sufficiently definite to permit the court to understand the parties' obligations and give an appropriate remedy for a breach." *Burns I*, 2022 WL 2311621 at *5 (citing *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016)).

The Fourteenth Court of Appeals held in *Burns I* that the Letter of Intent lacked essential terms "such as the price, the specific performance promised, and the timing of said performance." 2022 WL 2311621 at *6. The court concluded the Letter of Intent "fail[ed] for indefiniteness" because it lacked "essential terms providing how [the court] would enforce each of the parties' rights." *Id.* It held

21

the Letter of Intent "was no more than an indefinite indication of interest in negotiating toward a contract in the future." *Id.*

Like the Fourteenth Court of Appeals, we conclude Burns' claim for breach of an oral contract fails because to the extent there was any such contract, the contract lacks essential terms. Burns alleged in his petition that EMD and White "orally offered" him "(i) $30,000.00 in services; (ii) 15% to 20% of commercial sales; and (iii) [to p]roduce a functional prototype before the expiration date of [Burns'] patent." These terms are not "sufficiently definite" to allow a court to understand the parties' obligations and provide an appropriate remedy for the breach. *See id.* at *5.

As EMD and White stated in their motion to dismiss, the first term of the purported contract refers to a payment of $30,000 in "services," but Burns' petition does not "specify, clarify, or define what services" Appellees offered under the alleged contract. Burn's petition refers only to an offer to provide "$30,000 in services." There is no indication what services were offered.

EMD and White also argued in their Rule 91a motion that Burns' allegation he would receive fifteen to twenty percent of sales under the purported contract indicates only "that there would be a future conversation and contract with defined terms." In other words, they argue the oral promise was merely an agreement to agree in the future and not a binding contract. We agree. "It is well settled law

22

that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree." *Fischer*, 479 S.W.3d at 237 (quoting *Fort Worth Indep. Sch. Dist.,* 22 S.W.3d at 846). An agreement to make a future agreement is "nugatory" if it is not "sufficiently definite as to all of the future agreement's essential and material terms." *Fischer*, 479 S.W.3d at 237 (citing *Radford v. McNeny*, 104 S.W.2d 472, 474–75 (Tex. 1937)). To be enforceable, an agreement to agree "must specify all its material and essential terms, and leave none to be agreed upon as the result of future negotiations." *Fischer*, 479 S.W.3d at 237 (quoting *Radford*, 104 S.W.2d at 475).

Assuming without deciding there was an oral agreement between the parties, we conclude it was merely an agreement to agree on some definite terms in the future, and not a binding contract. Indeed, Burns almost alleges as much when he states in his petition that "it was mutually understood that a functional prototype had to be produced before the expiration date of Plaintiff's patent; and, *that after* Defendant had produced the functional prototype *a more formal written contract agreement, between Plaintiff and Defendant, would be drafted; which would include all peripheral costs for mass production, packaging, advertising and distribution.*" (Emphasis added.) Thus, even if there was an oral agreement, the

agreement was no more than an indefinite indication of interest in negotiating toward a contract in the future.

We hold the trial court did not err in granting EMD and White's motion to dismiss Burns' breach of contract claim. We overrule Burns' issue.

## B. The Motion to Recuse

In his seventh issue, Burns complains of District Judge Williams' failure to recuse himself. Although there is no written order denying Burns' motion to recuse District Judge Williams, the trial court orally denied the motion during a hearing on December 2, 2022. Burns argues in his appellate brief that the trial court's "acts or omissions in "Appellant's earlier breach of contract claim" constituted conspiracy, bias against Burns, "[b]ias against the law," and "[l]ack of [c]ompetence in the law." He further argues that District Judge Williams' "failure to act" violated the Texas Constitution and violated Rule 18b of the Texas Rules of Civil Procedure.[16]

Burns waived this issue because his motion to recuse was not verified as required by Texas Rule of Civil Procedure 18a(a)(1). Failure to comply with Rule 18a results in waiver of the appeal of a judge's failure to recuse himself. *See Vickery v. Tex. Carpet Co. Inc.*, 792 S.W.2d 759, 763 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("[A] party who fails to comply with Rule 18a waives his

---

[16] Rule 18b enumerates the grounds for which a judge must recuse himself from a case. TEX. R. CIV. P. 18b(b).

right to complain of a judge's failure to recuse himself."); *Barron v. State Atty. Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.) ("The procedural requisites for recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives his right to complain of a judge's failure to recuse himself."); *Garcia v. Tex. Workforce Comm'n*, No. 09-18-00375-CV, 2020 WL 5805950, at *3 (Tex. App.—Beaumont Sept. 30, 2020, no pet.) ("[B]ecause Garcia failed to file a verified motion to recuse the judge, he waived any right to complain about the ruling the trial court made on his motion to recuse."); *McElwee v. McElwee*, 911 S.W.2d 182, 185 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("Recusal may be waived if it is not raised by a proper motion.").

We overrule Burns' seventh issue.

## C.     Burns' Remaining Issues on Appeal

While we liberally construe *pro se* briefs, *pro se* litigants are held to the same standards as licensed attorneys and are required to comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.) (same); *see also Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (*pro se* litigant must properly present case on appeal; reviewing court "may

not make allowances or apply different standards for litigants appearing without . . . counsel"). A *pro se* appellant "bears the burden of discussing his assertions of error and pointing the appellate court to the portions of the record that support his complaints." *Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at \*1 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.).

Burns raised eight issues on appeal and devoted only three pages of his brief to summarize and explain his arguments. Burns' arguments, which at times are difficult to understand, do not correspond to his remaining issues on appeal. *See Hornbuckle v. State Farm Ins.*, No. 02-15-00387-CV, 2016 WL 5957020, at \*2–3 (Tex. App.—Fort Worth Oct. 13, 2016, no pet.) (mem. op.) (holding complaints waived due to inadequate briefing where, among other things, arguments did not correspond to issues asserted); *M.D. Mark, Inc. v. PIHI P'ship*, No. 01-98-00724-CV, 2001 WL 619604, at \*12 (Tex. App.—Houston [1st Dist.] June 7, 2001, no pet.) (not designated for publication) (holding complaints were not properly before appellate court where brief did not contain argument and authority section corresponding to points of error).

Burns also fails to identify the arguments for each of his remaining issues and he does not analyze or cite specific authority in support of his remaining issues. Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to contains "a clear and concise argument for the contentions made, with appropriate

26

citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal." *Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.) (holding appellate issues waived because, among other things, argument did not correspond to questions designated as issues on appeal).

Because Burns' remaining issues on appeal do not correspond to his arguments, and because he further failed to adequately brief his issues and cite to relevant authority, we hold Burns waived his remaining issues on appeal. And even if his remaining issues were not waived, we conclude they lack merit.

In his first and second issues, Burns complains of purported acts or omissions by District Judge Williams in the First Lawsuit. Burns' challenges to the First Lawsuit were already appealed and decided adversely to Burns by the Fourteenth Court of Appeals in *Burns I*. We thus lack jurisdiction to review Burns' first and second issues. *See Hassell Constr. Co. Inc. v. Springwoods Realty Co.*, No. 01-17-00822-CV, 2023 WL 2377488, at *7 (Tex. App.—Houston [1st Dist.] Mar. 7, 2023, pet. denied) (mem. op.) (holding argument regarding previous

27

lawsuit, which was fully adjudicated in separate appeal, was not properly before appellate court).

In his fourth issue, Burns complains of the trial court's failure to "hear or rule on Appellant's Motion to Strike Non-Jury Trial and Demand for Jury Trial." Because there is no order from which to appeal, we have nothing to review. And even if the motion was implicitly denied,[17] the issue is not before us because it was not identified in Burns' notice of appeal. *See Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 702 (Tex. App.—El Paso 2019, pet. denied) ("[W]e are precluded from considering an appeal from an order never identified in the notice of appeal.") (quoting TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or *order appealed from.*") (emphasis in original)). We overrule Burns' fourth issue.

In his fifth issue, Burns complains that Associate Judge Gonzalez Rogers violated the Texas Constitution by her failure to "preserve, protect and defend."

---

[17] During the hearing on EMD and White's Rule 91a motion to dismiss, the trial court stated the motion for jury trial was "moot because the case is dismissed." *Cf. Houston v. State*, No. 06-11-00115-CR, 2012 WL 1939796, at *2 (Tex. App.— Texarkana May 30, 2012, pet. ref'd) (mem. op., not designated for publication) ("When an objection is brought to the trial court's attention, we will find the trial court made an implicit ruling on the objection only when 'the trial court's subsequent action clearly addressed the complaint.'") (citation omitted); *West v. SMG*, 318 S.W.3d 430, 436 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding when trial court granted motion for summary judgment, it implicitly overruled nonmovant's motion for continuance).

Here again, there is no order from which to appeal and no indication of how or why Judge Gonzales Rogers "violated" the Constitution or failed in any respect. To the extent this issue relates to an order of Judge Gonzalez Rogers, such order is not identified in Burns' notice of appeal. *See Ortiz*, 579 S.W.3d at 702; *Jones v. Port Arthur Indep. Sch. Dist.*, No. 09-16-00374-CV, 2018 WL 3149162, at *1 n.2 (Tex. App.—Beaumont June 28, 2018, no pet.) (mem. op.) (declining to address issue related to order that was not identified in notice of appeal) (citing TEX. R. APP. P. 25.1(d)). We overrule Burns' fifth issue.

Finally, Burns complains in his eighth issue that fraud, fraudulent concealment, and fraudulent inducement "apply to this case." These arguments concern Burns' arguments that his claims were not time-barred and thus not subject to dismissal under Rule 91a based on limitations. We have already concluded the trial court did not abuse its discretion in dismissing Burns' claims because (1) his breach of contract claim lacked essential terms; and (2) Burns failed to plead facts addressing the elements of his DTPA claim. We thus need not reach Burns' eighth issue concerning fraud, fraudulent concealment, and fraudulent inducement, which related to his limitations arguments.[18]

---

[18] In his Notice of Appeal, Burns also complains about the trial court's order granting EMD and White's request for attorney's fees signed on December 2, 2022. But in his appellate brief, Burns does raise any issues concerning the attorney's fee award. That issue is thus not before us. *See San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 209–10 (Tex. 1990) (noting "well-established rule that

**Conclusion**

We affirm the trial court's judgment.


                                                    Veronica Rivas-Molloy
                                                    Justice


Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

---

grounds of error not asserted by points of error or argument in the court of appeals are waived"); *Jacobs v. Satterwhite,* 65 S.W.3d 653, 655–56 (Tex. 2001) (holding failure to raise issue on appeal waives error).